**David Leland GEER,
Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C5–87–177.

Court of Appeals of Minnesota.

May 19, 1987.

Review Denied July 15, 1987.

C. Paul Jones, State Public Defender, Susan J. Andrews, Asst. State Public Defender, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., J. Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J. and FOLEY and LESLIE JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

David Leland Geer appeals from an order denying his petition for post-conviction relief. Geer was convicted of kidnapping in violation of Minn.Stat. § 609.25 (1986), and second degree assault in violation of Minn. Stat. § 609.222 (1986). He claims his Fourth Amendment rights were violated by the admission of evidence obtained without a warrant. Additionally, he contends there was insufficient evidence to support the jury's finding that the kidnaping victim was not released in a safe place. We affirm.

## FACTS

At about 6:30 a.m. on July 7, 1985 appellant David Leland Geer was in a taxicab heading towards St. Paul. Geer pulled a sawed-off shotgun out of his duffel bag and instructed the driver to drive west on Highway 212. Geer told the driver to take certain turns and eventually told the driver to pull off the highway.

After coming to a stop on a dirt road, Geer ordered the driver to get into the trunk of the car. The driver did so and Geer began driving. Geer drove a short distance, then pulled over and tried to open the trunk lid. The cab driver held the lid closed, fearing Geer would shoot him. Geer instructed the driver to wait in the trunk for 20–30 minutes before trying to escape, then fled on foot.

The driver stayed in the trunk until he heard the sound of a nearby police car radio. Police, suspicious of the apparently abandoned taxi cab, had stopped to investigate. The driver got out of the trunk, told the police his story and gave them a detailed description of the suspect.

Police officers patrolling in a nearby town caught up with Geer that afternoon. An officer exited his vehicle, pointed a shotgun at Geer and told him to lie face down on the ground. Geer did so, lying about 35–40 feet from his duffel bag. Another officer picked up the duffel bag and felt a long slender object that was hard. Without first obtaining a search warrant, the officer searched the bag and found a sawed-off shotgun. The officers then arrested Geer.

Geer was tried and found guilty of kidnaping and second degree assault. The jury answered in a special verdict that the kidnaping victim was not released in a safe place. On October 31, 1985 Geer was sentenced to a presumptive sentence of 100 months on the kidnaping conviction. The trial court did not sentence Geer on the assault conviction because the assault arose from the same behavioral incident.

On December 8, 1986 Geer filed a petition for post-conviction relief. He claimed the trial court erred by admitting illegally obtained evidence and that there was insufficient evidence to support the jury's finding the kidnaping victim was not released in a safe place. The post-conviction court denied relief and Geer appealed.

## ISSUES

1. Did the trial court prejudicially err in admitting evidence obtained by a warrantless search of appellant's duffel bag?

2. Was there sufficient evidence to support the jury's finding that the kidnaping victim was not released in a safe place?

## ANALYSIS

1. Generally, a search conducted without a search warrant is an unreasonable search under the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 454–55, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971). However, under certain exceptions, a warrant is not required to conduct a search. *Katz v. United States*, 389 U.S. 347, 357 n. 19, 88 S.Ct. 507, 514 n. 19, 19

L.Ed.2d 576 (1967). The post-conviction court found that the search of Geer's duffel bag was valid as a search incident to lawful arrest, as an inventory search or as a search under exigent circumstances.

■ The rationale for allowing a warrantless search incident to a lawful arrest is to prevent a suspect from obtaining a weapon and harming police officers, and to prevent the destruction of evidence. *Chimel v. California,* 395 U.S. 752, 762–63, 89 S.Ct. 2034, 2039–40, 23 L.Ed.2d 685 (1969). Here the duffel bag was 35–40 feet from Geer who was lying face down on the ground. Geer could not have reached into his bag to obtain a weapon or destroy evidence. Therefore, Geer claims the search cannot be supported by this exception.

The supreme court rejected such an argument in *State v. Rodewald,* 376 N.W.2d 416 (Minn.1985). The *Rodewald* court held that the search incident to lawful arrest exception is a "bright line" rule allowing a warrantless search whenever such an arrest is made, "regardless of whether the officer can articulate any need in that case for such a search." *Rodewald,* 376 N.W.2d at 419–20. The court quoted *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) in support of its ruling:

> A police officer's determination as to how and where to search the person of a suspect whom he has arrested is necessarily a quick *ad hoc* judgment which the Fourth Amendment does not require to be broken down in each instance into an analysis of each step in the search. The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend upon what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search * * *.

*Robinson,* 414 U.S. at 235, 94 S.Ct. at 477 (emphasis in original).

Here, Geer does not contend his arrest was invalid. Thus the search incident to the arrest was unquestionably valid. The mere fact that Geer's duffel bag was 35–40 feet away from him at the time of the search cannot serve to invalidate the search.

■ The search may also be upheld on the inevitable discovery theory. Evidence illegally obtained may be admitted into evidence if its discovery by lawful means would have been inevitable absent the illegal conduct by police officers. *Nix v. Williams,* 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984). The discovery of Geer's shotgun would have been inevitable by means of an inventory search. Whenever the police have an arrestee who is to be jailed, they may examine, as part of a standardized procedure, all items removed from the arrestee's person or possession. *Illinois v. Lafayette,* 462 U.S. 640, 646, 103 S.Ct. 2605, 2609–10, 77 L.Ed.2d 65 (1983). In *Lafayette,* the Supreme Court upheld the search of the shoulder bag of a person jailed after being arrested for disturbing the peace. *Id.,* at 646–47, 103 S.Ct. at 2609–10. Thus, the routine examination of Geer's bag as part of an inventory search of an arrestee being jailed would have been proper under *Lafayette.* Geer's bag was not searched at the police station pursuant to an established inventory procedure, but the bag was in Geer's possession at the time of arrest and would have been searched at the station. Even though the police did not actually conduct an inventory search pursuant to an established inventory procedure, they could have lawfully done so at the police station. Had they not searched the bag at the time of the arrest, discovery of the sawed-off shotgun would have been inevitable by means of an inventory search at the station.

■ Finally, the search was proper as a search conducted under exigent circumstances. The purpose of a search conduct-

ed under exigent circumstances is to allow police to search when there is an urgent need to do so and the delay of obtaining a warrant would prevent discovery of evidence. *State v. Hatton,* 389 N.W.2d 229, 233 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Aug. 13, 1986). Exigent circumstances may also exist where the public or the arresting officers are in danger. *Warden, Maryland Penitentiary v. Hayden,* 387 U.S. 294, 298–99, 87 S.Ct. 1642, 1646, 18 L.Ed.2d 782 (1967).

Here, the police had a duty to remove the shotgun and disarm it if necessary rather than transporting it inside the bag with the possibility of accidental discharge. The officers knew in advance that the suspect was armed with a sawed-off shotgun and that the shotgun had been used in committing several felonies that morning. The officer who picked up the duffel bag felt a long hard object in the bag that felt like a gun barrel. Under these circumstances, it was prudent of the officers to remove the shotgun from the duffel bag to prevent harm to themselves or others. The warrantless search was valid under the exigent circumstances exception to the warrant requirement. We agree with the trial court that the evidence was legally obtained under at least three exceptions to the warrant requirement.

2. Minn.Stat. § 609.25, subd. 2 (1986) provides two sentencing provisions for kidnaping convictions. Subdivision 2(1) applies where "the victim is released in a safe place" and is a severity level VI offense under the Minnesota Sentencing Guidelines. Subdivision 2(2) applies where "the victim is not released in a safe place" and is a severity level VII offense under the Minnesota Sentencing Guidelines. The level VII offense combined with Geer's criminal history score of seven corresponds with a 100 month sentence. A level VI offense would mean only a 68 month sentence. Geer claims the evidence is insufficient to support the jury's finding that the victim was not released in a safe place.

In determining the sufficiency of evidence, this court must view the evidence in a light most favorable to the decision and decide whether the jury could reasonably have found the defendant guilty of the crime charged. *State v. Swain,* 269 N.W.2d 707, 712 (Minn.1978). Geer claims he attempted to open the trunk to release the driver, but was unable to do so. The driver testified he purposely held the trunk shut for fear of being shot. However, Geer then told the driver not to escape from the trunk of the vehicle for 20–30 minutes. The driver testified he stayed in the trunk for fear of being shot until he heard the police radio. Under these circumstances it appears Geer did not release the driver at all, but forced him to remain in the trunk of the vehicle. Accordingly, it appears there was sufficient evidence for the jury to find the victim was not released in a safe place.

### DECISION

The search of Geer's bag was valid under three exceptions to the warrant requirement. There was sufficient evidence for the jury to find Geer did not release his victim in a safe place.

Affirmed.